UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA MORENO, an individual,<br><br>                    Plaintiffs,<br><br>          v.<br><br>FORD MOTOR COMPANY, a Delaware corporation; MOJAVE MOTORS LTD d/b/a KIEFFE & SONS FORD; and DOES 1-30, inclusive,<br><br>                    Defendants. | No. 1:16-cv-01250-DAD-JLT<br><br>ORDER GRANTING LEAVE TO AMEND; DEFENDANT FORD MOTOR COMPANY'S MOTION TO STRIKE IS WITHDRAWN<br><br>(Doc. Nos. 11 and 12) |

On August 24, 2016, plaintiff filed the complaint in this action alleging: (1) a violation of the Song-Beverley Consumer Warranty Act; (2) a violation of the Magnuson Moss Warranty Act; (3) a violation of Consumers Legal Remedies Act; (4) fraudulent misrepresentation; (5) negligent misrepresentation; and (6) a violation of Business and Professions Code § 17200.  (Doc. No. 1.)  Plaintiff's first, second, third, and sixth causes of action are brought against all defendants, while her fourth and fifth causes of action are only brought against defendant Mojave Motors, LTD d/b/a Kieffe & Sons Ford ("Kieffe").  (*Id.*)

On September 27, 2016, defendant Ford Motor Company ("Ford") moved to strike plaintiff's prayer for punitive damages against it pursuant to Federal Rule of Civil Procedure 12(f).  (Doc. No. 1.)  Plaintiff never filed an opposition to the motion to strike.  Instead, on

1

1  November 4, 2016, plaintiff lodged a first amended complaint seeking punitive damages only
2  against defendant Kieffe.  (Doc. No. 12 at 19.)  On November 8, 2016, defendant Ford filed a
3  notice of withdrawal of its motion to strike, without prejudice, "based on Plaintiff's First
4  Amended Complaint, filed on November 4, 2016, which removes the language Ford sought to
5  strike."  (Doc. No. 13 at 1.)  For the reasons set forth below, plaintiff will be granted leave to
6  amend and defendant Ford's motion to strike will be terminated due to its withdrawal.

### LEAVE TO AMEND

8  "A party may amend its pleading once as a matter of course within: (A) 21 days after
9  serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after
10 service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),
11 whichever is earlier."  Fed. R. Civ. P. 15(a).  Otherwise, a party must seek leave of court to
12 amend a pleading or receive the opposing party's written consent.  Fed. R. Civ. P. 15(a)(2).

13 Here, plaintiff's original complaint was served on defendant Kieffe on September 2, 2016
14 and on defendant Ford on September 6, 2016.  (Doc. Nos. 8 and 9.)  Defendant Ford filed its
15 motion to strike on September 27, 2016.  (Doc. No. 11.)  However, plaintiff did not file her first
16 amended complaint until November 4, 2016.  (Doc. No. 12.)  Therefore, plaintiff filed her
17 amended complaint more than twenty-one days after service of her original complaint and more
18 than twenty-one days after service of a motion under Rule 12(f).  Accordingly, plaintiff may not
19 amend her complaint without "the opposing party's written consent or the court's leave."  Fed. R.
20 Civ. P. 15(a)(2).

21 Leave to amend is normally sought via a noticed motion.  Rule 7(b)(1) provides that "[a]
22 request for a court order must be made by motion.  The motion must: (A) be in writing unless
23 made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and
24 (C) state the relief sought."  Fed. R. Civ. P. 7(b)(1).  Here, although plaintiff did not file a formal
25 noticed motion, she clearly seeks leave to amend in order to remove from her complaint a prayer
26 for punitive damages against defendant Ford.  Therefore, the court construes plaintiff's first
27 amended complaint, together with defendant Ford's motion to strike plaintiff's prayer for punitive
28 damages against Ford, as a request by plaintiff for leave to amend her complaint.  *See Scott v.*

*Eversole Mortuary*, 522 F.2d 1110, 1116, n. 8 (9th Cir. 1975) (granting leave to amend where plaintiff "expressly requested" to amend even though the request "was not contained in a properly captioned motion paper"); *Edwards v. Occidental Chemical Corp.*, 892 F.2d 1442, 1445-46, n. 2 (9th Cir. 1990) (finding that leave to amend should have been granted even though no formal request to amend was made); *Brockmeier v. Solano Cty. Sheriff's Dep't*, No. 2:05-cv-02090-MCE-KJN, 2007 WL 1521074, at *1 (E.D. Cal. May 22, 2007) (construing plaintiff's filing of amended complaint as a request for leave to amend under Rule 15(a) and granting the motion).

The Federal Rules of Civil Procedure provide that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a)(2). Nevertheless, leave to amend need not be granted where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile. *See Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citing *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999)). "Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971).

There is nothing before the court to suggest bad faith on part of plaintiff or any undue prejudice to defendants posed by the granting of leave to amend in this instance. Indeed, defendant Ford specifically sought to strike the portions of the complaint that plaintiff has removed from her proposed first amended complaint and now seeks to withdraw the motion to strike based upon the filing of the proposed first amended complaint. (*See* Doc. No. 13.) Furthermore, granting leave to amend will expedite these proceedings. Under these circumstances, the court will grant plaintiff's motion to amend her complaint and this matter will now proceed on plaintiff's first amended complaint as the operative pleading. Defendant Ford's motion to strike punitive damages against it has been withdrawn.

**ORDER**

1. Plaintiff's motion to amend (Doc. No. 12) is granted;
2. Plaintiff's first amended complaint is now the operative pleading in this action;
3. Defendant Ford's motion to strike (Doc. No. 11) is hereby terminated as withdrawn; and

4. The hearing set for November 15, 2016 at 9:30 a.m. on defendant Ford's motion to strike is vacated.

IT IS SO ORDERED.

Dated: **November 9, 2016**

/s/ Dale A. Drozd
UNITED STATES DISTRICT JUDGE